IN THE 252ND DISTRICT COURT
OF JEFFERSON COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 01 2015
Abel Acosta, Clerk

Ex Parte            §

Joseph Guillory, Jr.   §    WRIT NO. 83302-C

Applicant, Pro Se    §

RESPONSE TO 252ND DISTRICT COURT'S FINDINGS, ETC.;
AND TRANSMITTAL ORDER

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

Now comes Joseph Guillory, Jr, Pro Se, Applicant, and respectfully requests this Honorable Court to accept this Response to the 252nd District Court's Findings to the above habeas corpus memorandum, by the Applicant.

None of the 9 issues are waived. A few issues are addressed minimally as possible, to convey Applicant's continual stance. One major issue is that the trial attorney lied to this Honorable Court. Other issues, the findings are not being forthright truthful, in the trial court's stance.

Please read the following only after reading both Applicant's issues and memorandum and the 252nd's trial court's findings, in order for a fair hearing may be had in the instant case.

Please refer to the court's findings ## 11 & 12. In Record and by affidavit, the trial attorney did

1.

what most competent attorneys would refuse to do : HE LIED TO THIS HONORABLE COURT.

## RULE OF LAW

Refer to Government Code §311.011 (a) & (b) on the use of words and phrases read in context and construed according to rules of grammer of common usage as well as words and phrases that have acquired a technical or particular meaning. Refer also to Government Code §311.016 (1) (2) and (3) on the technical definitions of "may", "shall", and "must", respectively.

## CASE-LAW ON FAILURE TO INSTRUCT

If a phrase, term, or word is statutorily defined, the trial court must submit the statutorily-defined definition to the Jury. Moore v. State, 82 S.W.3d 399 (Tex. App.—Austin 2001, pet. ref'd). See, Tex. Code Crim. Proc. art. 36.14; Murphy v. State, 44 S.W.3d 656, 661 (Tex. App.—Austin 2001, no pet.) (Defendant's are entitled to be convicted on correct statements of law. (Murphy, 44 S.W.3d at 665)).

Trial counsel did not contest the admissibility of the 404(b)-type allegations in court findings #41. To declare Applicant hit or slapped the Complainant for this or that reason is not argued. What is

-2-

argued is that the testimony declared the reason for the alleged murder was for renumeration of insurance funds; also for the admissibility that Appellant was alleged to have advanced, sexually, upon Complainant's teen daughter. There was no 33.1 (a) objection. There was no requested out-of-the-presence-of jury determination. See V.A.C.C.P. art. 37.07(c). Under art. 37.07 sec. 3(g), in part states:

"If the attorney representing the State intends to introduce an extraneous crime or bad act that has not resulted in a final conviction In a court of record ... notice of that intent is reasonble **only** if the notice includes the date on which and the county in which the crime or bad act occurred and the name of the alleged victim of the crime or bad act."

This article 37.07 sec. 3(g) is alleged to be no reasonbl[y] done to satisfy the requirements of the Criminal Procedures or the Texas Rules of Evidence Rules 102, 104, 402, 403, 404(b); V.A.CC.Proc. art. 37.07 sec. 3(g).

To allow extensive, inadmissible testimony to come in without objection, if considered counsel's trial strategy, it cannot reasonbly be considered sound trial strategy, Robertson v. State, 187 S.W.3d 475, 482-83 (Tex. Crim. App. 2006). What was the State's reasoning to have a dual expansion of the Record

-3-

utilizing capital murder testimony as well as the introduction of a sexual offense against Applicant? These dual expansions entered with no objection, at all, by trial counsel; nor were they raised on Appeal. If either of these 404(b)-type Record expansions are serious enough, an acquittal at Bar is required.

These egregious errors as alleged and proved, are IAC; and have violated Applicant's federal and State Constitutional rights for a fair and impartial trial; and for effective assistance of trial and appellate counsel. U.S.C.A. Const. Amends 5, 6, 14; Wiggins v. Smith, 539 U.S. 510, 534 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984); Tex. Const. Art I, §10; Thompson v. State, 9 S.W. 3d 808, 812 (Tex. Crim. App. 2003).

Rule 404 (b) embodies the established principle that a defendant is not to be tried for collateral crimes or for being a criminal generally. Tex. R. Evid. 404(b); Nobles v. State, 843 S.W. 2d 503, 514 (Tex. Crim. App. 1992). With the Rules of Evidence, Code of Criminal Procedures coupled with the Texas Appeals Courts declare the State CANNOT use this evidence or testimony, especially at guilt/innocence phase. This Habeas Court is requested to find the trial attorney was inert, ineffective; that

- 4 -

the trial court's findings are contrary to all the holdings on the evidence or testimony, in the case at bar, which constitutes egregious trampling of Applicant's federal and State constitutional rights to a fair and impartial trial; as well as to have effective assistance of counsel at trial as well as at the appellate level, See, Powell v. Alabama, 287 US. 45, 69 (1932). Counsel sputtered along on the Constitutional Highway. Errors along the way, either, singularly or cummulatively, had an effect, which was a denial of any meaningful assistance at all. Craker v. McCotter, 805 F.2d 538, 542 (5TH Cir. 1986). This was egregious harm, Cupp v. NAughten, 414 U.S. 141, 147 (1973).

Murder for remuneration is now on the Jury's decision table. Tex. Pen. Code §19.03(a)(3).

Texas Penal Code §19.02(d) declares that defense, at punishment phase may raise the issue of 'sudden passion' arising from an adequate cause ...[.] The offense would be punished as a second degree felony. Trial counsel never objected that 'sudden passion', (though he raised the issue), was not on the Jury Instruction; while "accident" was defined for

-5-

the Jury. To preserve counsel **must** make a timely and specific objection at trial. <u>Burdine v. State</u>, 719 S.W.2d 309, 319 (Tex. Crim. App. 1986), <u>cert. denied</u>, 480 U.S. 940 (1987). "Accident" is the first word or phrase defined in the Jury Charge. No objection by any attorney. "[I]t is clear while "accident" may have been a defense at one time it is no longer." <u>Valenzuela v. State</u>, 943 S.W.2d 130, 132 (Tex. App.—Amarillo 1997, no pet.); <u>ANANANDUS v. State</u>, 866 S.W.2d 210, 229 (Tex. Crim. App. 1993), <u>cert. denied</u>, 510 U.S. 1215 (1994). The Jury Charge **must** contain an accurate description of the law, and when it does not, the 'integrity' of the verdict is called into doubt. When raised, the theory of "sudden passion" should be considered law applicable to the case. See Tex. Pen. Code § 2.05 (b)(2)(A)—(D). [B]ecause the Charge is so essential to the Jury's deliberations, "it is clear that a Charge <u>**must** include an accurate statement of the law ...</u>' (Emphasis added). <u>Cone v. State</u>, 698 S.W.2d 138 (Tex. Crim. App. 1985).

Objected to or not by trial counsel or the prosecution, the 'integrity' of the verdict is

– 6 –

called into grave doubt. This is "plain error" or "fundamental error," and the Habeas Court must review pursuant to article 36.19 and not under T.R.A.P. 44.2(a), as the trial court appears to have done. See V.A.C.C.P. art. 36.19; Tex. R. App. Proc. 44.2 (a). <u>Jiminez v. State</u>, 32 S.W. 3d 233 (Tex. Crim. App. 2000).

Applicant is not attempting to relitigate any of the egregious trial. He is out to see that Justice is served, by presenting how his trial attorney did admit, in the Record, that he did not object much at all; and, by presenting how the State presented 404(b) testimony or evidence into live court without any hearing. Also, admitting "Accident" and omitting "Sudden Passion" lessoned the State's burden of proof for the court is obliged to charge the Jury on the "law applicable to the case." V.A.C.C.P. art. 36.14; See, <u>Guevara v. State</u>, 152 S.W. 3d 45, 52 (Tex. Crim. App. 2004). (Evidence is sufficient to support conviction so long as the evidence is sufficient to support conviction for one of the theories submitted to the Jury."). The illegal "Accident" was submitted, while the legal "Sudden passion" was omitted.

-7-

When one of the State's most valuable hearsay witness declared that Applicant would kill Complainant once she got home, trial counsel does not seek cell phone records of alleged call. What trial counsel does state is "[A]s well as the other times I'd like the Court to know that I'm getting these statements for the first time and I'm just now reviewing them," (RR Vol III P. 76 LL 17-25) (emphasis added). (cf. R.R. Vol. III P 8 LL 5-11). Mr. DesHotel's testimony blindsided trial counsel. This demonstrates that it is highly unlikely trial counsel ever interviewed Mr. DesHotel or any other of State's witnesses.

Applicant presented what was discovered by inmates and what was presented on-air by ABC's 20/20 Show, that found that Dr. Tommy J. Brown, M.E. had declared a man found dead at the Eleganté Hotel, in Beaumont, Texas, most likely died of natural causes. The dead man's wife hired another person to look at her 47-year old husband's body. This other examiner declared that it was most likely the shot in the heart by a .22 bullet that caused the man's death. In that case No one was being accused of murder.

In another case, 20 miles away, in Lumberton,

-8-

Texas, the Grand Jury hears Dr. Brown explain that a man had died of an overdose of the PCP drug; yet he failed to tell the Grand Jury of the cracked skull and whelps put on the deceased. Why? The Lumberton Police were being accused. In yet another case, though properly subpoenaed, Dr. Brown, M.E, was a no-show. A felon was on trial for murder. Then, in yet another case, Dr. Brown declared that a shotgun blast killed a man. Other pathologists declare that it was impossible for the shotgun blast to kill the man for the pellets had no gunpowder on them. Yet, the jury did not hear of a .25 bullet in the man's brain. The State was after the shotgun shooter as the man that shot the .25 derringer turned State witness. Bias is clearly demonstrated.

<u>SOMEONE IS LYING</u>

"I extensively interviewed [Applicant's] witnesses and discussed various trial strategies with him." Trial counsel — Duesler.

It is apparent that Mr. Duesler wants this Honorable Court to believe this lie. Does

-9-

Texas Code of Criminal Procedure art. 38.18 (a)(b) have any meaning, at all, when an attorney swears the above quote while others say this:

"I- never been contacted ... spoken to attorney Duesler." Yvonne.

"I had not been contacted ... by Mr. Duesler." Melissa.

"I had not been contacted or ..." CLARA.

"... several months passed and I had not been contacted by Mr. Duesler ..." Denise.

(See all affidavits in habecs application).

Mr. Duesler no Applicant knew what any of these women would say in open court. The trial court declared what the above would say would be irrelevant under the circumstances. This may well be. Applicant's main point is NOT what these witnesses may have said, but he trusted and believed Mr. Duesler, had, in fact, "extensively interviewed" them all, as he expects this Honorable Court to also believe. In the Texas Penal Code this is called: "PERJURY."

According to the Court's findings (#55) that Pamela Broussard, 'in her laymans ignorance

-10-

assassinates this trial attorney. This same trial court failed to see how this same trial attorney, Mr. Duesler, had assassinated his own client at Voir Dire and, at the close of the trial in the case at Bar. He described his client as a flagrant womanizer at Voir Dire. At close he asked the Jury: "Did you notice how little I objected, because the defendant and I believed everything they said." That is a one-sentence summation of the defense; by the trial attorney Duesler. He basically tells the Jury the Capital murder reasoning and the sex allegations are true. See Strickland, 466 U.S. at 690; Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

## SUMMATION AND CLOSE

COUNSEL LIED! He did not investigate. He was off playing poker as was a testimony. He did not interview anyone as none knew what to expect or what to say. This is plain as white on rice.

Mr. Duesler disrespected his profession, the Texas Bar, all his peers, and every Court, including this Honorable Court of Criminal Appeals.

Applicant did request the Jefferson County District Clerk to supply the Court with a "Motion For Designation of Record For Article 11.07 Habeas Corpus Hearing." See attached Motion. This Motion requested at least 16 known items pursuant to Tex. R. App. Proc. 34. The items that are complained by the trial court are not factually true.

Finally, at close, see Applicant's memorandum at page 42. The state closes it argument with; "Cynthia (Complainant) had the RIGHT TO KILL HIM" (Applicant), to the Jury with not a peep of a 33.1 (a) objection by trial counsel. Yet, the Jury also heard from trial counsel, "Every thing they said, the defendant and I believed them."

This was not a fair nor impartial trial utilizing an effective assistance of counsel.

-12-

## PRAYER

Applicant prays this Court for a favorable review and at a minimum, a retrial for resentencing using the "Sudden Passion" definition or in the maximum, for reasons stated above in the expansion of indictment that there will be an acquittal ordered. So prayed,

Respectfully submitted,

Joseph Guillory, Jr. pro se
Applicant

## Inmate Declaration

I, Joseph Guillory, Jr., being presently incarcerated in Mark W. Stiles Unit, declare under penalty of perjury that, according to my belief, the FACTS stated herein are true and correct. Signed this __28__ day of __April__, __2015__.

Affiant's Signature

-13-

## CERTIFICATE OF SERVICE.

I, Joseph Guillory, Jr. Applicant, in the above habeas corpus, writ no. 83302-C, have mailed the above Response via First-Class Registered U.S. mail on the 28th day of April, 20 15.

Joseph Guillory, Jr.
Joseph Guillory, Jr.

14.

# APPENDIX

Joseph Guillory, Jr.
TDCJ# 1085141
MARK W. STILES UNIT
3060 FM 3514
Beaumont, Texas 77705

May 2014

District Clerk of
Jefferson County, Texas
1001 Pearl Street
Beaumont, Texas 77701


RE: FILING HABEAS CORPUS

Dear District Clerk:

Please find the enclosed application, memorandum, exhibits, and other motions to the trial court in the above habeas petition.

Please present such to this Court at the earliest convenince.

I do thank you for your prompt, courteous, and professional handling of this important matter.

Again, thank you,

Respectfully,


Joseph Guillory, Jr.

CAUSE NO. _____

| EX PARTE | § | IN THE 252 ND |
| JOSEPH GUILLORY, JR. | § | DISTRICT COURT OF |
| PETITIONER, pro se | § | JEFFERSON COUNTY, TEXAS |

## MOTION FOR DESIGNATION OF RECORD FOR
### ARTICLE 11.07 HABEAS CORPUS HEARING

COMES NOW, Josph Guillory, Jr. Petitioner, in the above-styled and -numbered cause, proceeding pro se, and pursuant to T.R.A.P. 34, files this Motion For Designation of Record For Article 11.07 Hearing, and respectfully request that the following documents and volumes be included as part of the Record for the habeas corpus hearing in this cause:

1. Pre-trial motions by the State;

2. Pre-trial motions by the Defense;

3. All pre-trial statements by the State's witnesses; (whether the witness testified or not);

4. Any transcripts of en camera colloqueys;

5. Any transcripts of en banc colloqueys;

6. All pre-trial decisions by the trial judge;

7. All police Records and notes taken by any detective or other Police officer, be it State, County or city;

8. All photographic documentations taken by law enforcement by the State, county or city;

9. All photographic investigation by trial attorney;

10. All notes taken by trial attorney's interviews with State or Defense witnesses in the case at bar;

11. Trial transcripts;

12. Findings of the Court;

13. Post-trial Motions by trial attorney;

14. All post-trial Orders by the trial court; and

15. Any post-trial motions by the State;

16. Appeal motion and PDR motions.